UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **PULL-A-PART, LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**MARTIN METALS RECYCLING AND PICK N PULL OF LUMBERTON, LLC**,<br><br>Defendant. | Civil Action No. __________________ |

## COMPLAINT

Plaintiff Pull-A-Part, LLC ("**Pull-A-Part**"), by and through its attorneys, for its Complaint against Defendant Martin Metals Recycling and Pick N Pull of Lumberton, LLC f/k/a Martin Metals Recycling & Pull a Parts of Lumberton, LLC ("**Martin Metals**"), alleges as follows:

## INTRODUCTION

1.

For almost three decades, Pull-A-Part has been a nationally recognized leader in the automotive recycling industry. Since at least July 1998, Pull-A-Part has operated under its PULL-A-PART® trademark, building a thriving do-it-yourself used auto parts superstore business model that now encompasses 35 self-service auto parts stores and automotive salvage and recycling facilities across 16 states, including two locations in North Carolina and one in South Carolina. *See* www.pullapart.com. Pull-A-Part has won awards for its unique operating system based on customer service and environmental responsibility. Through years of hard work, considerable expense, and extensive advertising and promotion in print, online, and other media,

Pull-A-Part has developed and maintains enormous goodwill in the PULL-A-PART® mark and its related trademarks.

2.

Despite Pull-A-Part's long-established and well-known rights in the PULL-A-PART mark and related trademarks, Defendant adopted and is using the name "Pull-A-Part," "Pull a Part," and "Pull a Parts" (collectively, the "**Infringing Name**") in connection with the very same type of self-service auto parts and automotive salvage services offered by Pull-A-Part.

3.

Defendant operates in North Carolina—where Pull-A-Part also operates—and serves the very same consumers through the very same channels. Defendant's adoption of the Infringing Name is not happenstance. It is willful trademark infringement and unfair competition that has continued despite multiple demands by Pull-A-Part for Defendant to stop its misconduct. It also falsely suggests an affiliation or connection between Pull-A-Part and Defendant that does not, in fact, exist.

4.

Defendant's unauthorized use of the Infringing Name in connection with identical services is likely to cause confusion, mistake, and deception among consumers as to the source, origin, affiliation, sponsorship, or approval of Defendant's services, resulting in irreparable damage to the goodwill associated with Pull-A-Part's trademarks and business.

5.

Pull-A-Part raised these concerns with Defendant through multiple cease-and-desist communications demanding that Defendant immediately stop using the Infringing Name. Despite actual receipt of those demands, Defendant failed to respond to Pull-A-Part and continued its infringing activities, including by making new social media posts featuring the

Infringing Name after receiving Pull-A-Part's first cease-and-desist letter. These posts remain publicly available.

6.

Defendant's Infringing Name is used widely — spanning a permanent roadside sign, Defendant's corporate entity name, Defendant's Facebook page, and various online business directory listings for Defendant. Defendant's conduct demonstrates willful and bad faith infringement.

7.

On September 14, 2026, without informing Pull-A-Part, Defendant filed an Amendment with the North Carolina Department of the Secretary of State to change its name from "Martin Metals Recycling & Pull A Parts of Lumberton, LLC" to "Martin Metals Recycling and Pick N Pull of Lumberton, LLC." Defendant, however, has not ceased all uses of the Infringing Name.

8.

Therefore, Pull-A-Part has brought this action at law and in equity for Defendant's willful trademark infringement and unfair competition, false designation of origin, and related claims under the Lanham Act and North Carolina statutory and common law.

9.

Through this Complaint, Pull-A-Part seeks monetary damages, including treble damages, disgorgement of Defendant's profits, and an award of reasonable attorneys' fees and expenses of litigation, as permitted by applicable state and federal law. Pull-A-Part also seeks preliminary and permanent injunctive relief to stop the irreparable harm being caused to the goodwill and reputation associated with Pull-A-Part's trademarks by Defendant's deliberate misconduct set forth herein and as to be proven at trial.

## THE PARTIES

10.

Plaintiff Pull-A-Part, LLC is a Georgia limited liability company with a principal place of business at 4473 Tilly Mill Road, Atlanta, Georgia 30360.

11.

Defendant Martin Metals Recycling and Pick N Pull of Lumberton, LLC is a North Carolina limited liability company with a principal and registered office at 5044 Hwy 74 West, Lumberton, North Carolina 28360. Defendant was formed on August 15, 2019, and, until mid-September 2026, was named "Martin Metals Recycling & Pull a Parts of Lumberton, LLC."

## JURISDICTION AND VENUE

12.

This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 because this action is brought under 15 U.S.C. § 1051 *et seq.* (the "**Lanham Act**"), and under 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the state law claims asserted in this action under 28 U.S.C. §§ 1338(b) and 1367(a).

13.

This Court has personal jurisdiction over Defendant because Defendant is a North Carolina limited liability company and it transacts business within the state of North Carolina and within this judicial district. Defendant's principal and registered office is located within this district, and the acts of infringement complained of herein occurred in and are directed at this district.

14.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides

in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## ADDITIONAL FACTS COMMON TO ALL COUNTS OF RELIEF

## PULL-A-PART AND ITS TRADEMARKS

15.

Pull-A-Part's services are offered under at least the following federally registered trademarks owned by Pull-A-Part and registered with the United States Patent and Trademark Office ("**USPTO**"):

| TRADEMARK | REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| PULL-A-PART® | U.S. Reg. No. 2322219 | Retail store services and distributorship in new and used automobile parts; purchasing used automobiles, namely automobile salvage services |
| BE SMART PULL-A-PART® | U.S. Reg. No. 4403804 | Retail store services and distributorship in new and used automobile parts; purchasing used automobiles, namely automobile salvage services |
| PULL-A-PART USED AUTO PARTS AUTOMOTIVE RECYCLING & Design® | U.S. Reg. No. 7770453 | Charitable services |

16.

The foregoing trademarks listed above are referred to herein as the "**PULL-A-PART**

**Marks**." True and correct copies of USPTO Trademark Status & Document Retrieval (TSDR) records for the PULL-A-PART Marks are attached hereto as **Exhibit A**.

17.

All of the PULL-A-PART Marks are valid and subsisting. The registrations for PULL-A-PART® (U.S. Reg. No. 2322219) and BE SMART PULL-A-PART® (U.S. Reg. No. 4403804) are incontestable under 15 U.S.C. § 1065, and such incontestable registrations constitute conclusive evidence of Pull-A-Part's exclusive right to use those marks in commerce for the registered services.

18.

Pull-A-Part has used one or more of the PULL-A-PART Marks continuously in commerce in connection with its self-service auto parts and automotive salvage services since at least July 1998, well before Defendant's adoption of the Infringing Name.

19.

Pull-A-Part has invested significant time, money, and other resources in nurturing and adding to the goodwill associated with the PULL-A-PART Marks. Pull-A-Part has captured substantial consumer recognition as a result.

20.

The PULL-A-PART Marks designate a single source of origin for the self-service auto parts and automotive salvage services offered by Pull-A-Part.

21.

Not only has Pull-A-Part protected the PULL-A-PART Marks by registering them with the USPTO, but it has also taken reasonable efforts to monitor and protect the PULL-A-PART Marks against improper use by third parties.

## DEFENDANT AND ITS INFRINGEMENT

22.

Upon information and belief, on or about August 15, 2019, Laura Martin and Mark Martin formed Martin Metals Recycling & Pull a Parts of Lumberton, LLC—now known as Martin Metals Recycling and Pick N Pull of Lumberton, LLC—in North Carolina. The entity's original name brazenly incorporated the Infringing Name directly into the company's legal name.

23.

Defendant operates its business at 5044 Hwy 74 West, Lumberton, North Carolina 28360, providing self-service auto parts, automotive salvage, and junk car purchasing services—the very same types of services provided by Pull-A-Part under the PULL-A-PART Marks.

24.

As Pull-A-Part recently learned, since at least December 2021, Defendant has displayed a permanent roadside sign prominently displaying "PULL-A-PART," as confirmed by Google Street View imagery:



25.

As of March 2026, the roadside sign remains prominently displayed, as confirmed by Google Street View imagery:




26.

In addition to physical signage, Defendant uses the Infringing Name extensively in its online marketing and social media presence. On or about December 23, 2025, Defendant created a Facebook page for its business under the name “Martin Metals Recycling & Pull a Part of Lumberton.”

27.

The Facebook page describes the business as operating “a large pull-a-part yard offering affordable used auto parts”—a description that directly invokes the PULL-A-PART Marks and associated services. The below screenshots were taken from Defendant’s Facebook page.


MARTIN
METALS
& PULL A PARTS
Martin Metals Recycling & Pull a Part of Lumberton
1K followers • 1 following
Posts
About
Reels
Photos
Intro
Martin Metals Recycling & Pull a Part of Lumberton buys ALL scrap metal and junk cars. We operate a large pull-a-part yard offering affordable used auto parts.
Page · Waste Management Company
5044 US Highway 74 W, Lumberton, NC, United States, North Carolina
Martin Metals Recycling & Pull a Part of Lumberton
AI info · 10h
TURN THAT JUNK INTO CASH!
G... See more
MARTIN
METALS

28.

As of the date of this Complaint, Defendant's business is also listed on Yelp, Google Maps, Apple Maps, and MapQuest as "Martin Metal Recycling & Pull A Parts of Lumberton."

29.

Defendant's services under the Infringing Name are identical or closely related to those provided by Pull-A-Part under the PULL-A-PART Marks. Both Pull-A-Part and Defendant operate self-service auto parts stores and automotive salvage and recycling facilities. Both companies operate in the same general geographic area of North Carolina and serve the same types of consumers.

## PULL-A-PART'S CEASE-AND-DESIST EFFORTS AND DEFENDANT'S WILLFUL REFUSAL TO COMPLY

30.

On August 17, 2026, Pull-A-Part, through its counsel, sent a cease-and-desist letter to Laura P. Martin via email and FedEx, demanding that Defendant immediately cease all use of the Infringing Name in connection with its business. The letter was received by email on August 17, 2026, and by FedEx on August 19, 2026. A true and correct copy of the first cease-and-desist letter is attached hereto as **Exhibit B**.

31.

On August 28, 2026, Pull-A-Part's counsel called Laura Martin and left a message with a representative of Defendant requesting a return call. No response was received.

32.

On September 1, 2026, Pull-A-Part's counsel called again and asked to speak with Laura Martin. The person who answered the call placed counsel on hold and then the call was disconnected. No substantive response was received.

33.

On September 3, 2026, Pull-A-Part, through its counsel, sent a second and final notice letter to Laura Martin, noting Defendant's continued infringement—including new social media posts made *after* Defendant's receipt of the first cease-and-desist letter (*see* the below screenshot taken from Defendant's Facebook page). The letter set a deadline of September 8, 2026, for a response and warned that formal legal proceedings would be initiated if Defendant failed to comply. A true and correct copy of this letter is attached hereto as **Exhibit C**. Defendant never responded to this letter.




34.

Notwithstanding the fact that Defendant has amended its corporate name and made some changes to its online presence, Defendant's continued use of the Infringing Name in other respects after receiving Pull-A-Part's cease-and-desist letters demonstrates that its infringement is willful, deliberate, and in bad faith.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114)**

35.

Pull-A-Part hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

36.

The USPTO has granted Pull-A-Part federal trademark registrations for the PULL-A-PART Marks as set forth above and in Exhibit A hereto. The registrations for PULL-A-PART® (U.S. Reg. No. 2322219) and BE SMART PULL-A-PART® (U.S. Reg. No. 4403804) are incontestable under 15 U.S.C. § 1065.

37.

Pull-A-Part has used one or more of the PULL-A-PART Marks continuously in commerce for self-service auto parts and automotive salvage services since at least July 1998.

38.

Pull-A-Part has priority in the PULL-A-PART Marks. Defendant adopted the Infringing Name long after Pull-A-Part's first use of the PULL-A-PART Marks and with knowledge, or at minimum constructive knowledge, of Pull-A-Part's trademark rights.

39.

Defendant's unauthorized use of the Infringing Name constitutes use in commerce, without the consent of Pull-A-Part, of a reproduction, copy, or colorable imitation of the PULL-A-PART Marks in connection with the advertisement, promotion, sale, and distribution of identical or closely related services. Such use is likely to cause confusion or mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40.

As a result of Defendant's infringement, Pull-A-Part has suffered and will continue to suffer irreparable harm to the goodwill and reputation associated with the PULL-A-PART Marks and Pull-A-Part's quality services.

41.

Pull-A-Part has no adequate remedy at law for the above immediate and continuing harm. Pull-A-Part has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions. Hence, Pull-A-Part is entitled to a preliminary and permanent injunction prohibiting Defendant from using the Infringing Name or any mark confusingly similar to the PULL-A-PART Marks, in connection with Defendant's business, pursuant to 15 U.S.C. § 1116.

42.

Defendant's conduct in infringing the PULL-A-PART Marks is, as explained herein, deliberate, intentional, and in bad faith. Defendant should be ordered to account for and disgorge its profits from its infringement, in an amount to be determined at trial. Further, given Defendant's bad faith and willful infringement, Pull-A-Part should be awarded, in addition to actual damages, enhanced damages as the Court finds just under 15 U.S.C. § 1117(a), costs, and, because this is an exceptional case, reasonable attorneys' fees.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**

43.

Pull-A-Part hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

44.

Defendant's use of the Infringing Name in the manner alleged herein constitutes a false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of Defendant's services with respect to the PULL-A-PART Marks.

45.

Defendant's use of the Infringing Name in connection with self-service auto parts and automotive salvage services—services identical to those offered by Pull-A-Part under the PULL-A-PART Marks—also constitutes unfair competition within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.

The purchasing public is likely to mistakenly attribute to Pull-A-Part Defendant's use of the Infringing Name as a source of origin, authorization, and/or sponsorship for the services Defendant offers and, further, to purchase services from Defendant in the erroneous belief that Defendant is authorized by, associated with, sponsored by, or affiliated with Pull-A-Part, when it is not.

47.

Defendant's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high-quality reputation of Pull-A-Part, and to improperly appropriate to itself the valuable trademark rights of the PULL-A-PART Marks.

48.

As a result of Defendant's misconduct, Pull-A-Part has suffered and will continue to suffer

irreparable harm to the goodwill and reputation associated with the PULL-A-PART Marks and quality services. Pull-A-Part has no adequate remedy at law for the above immediate and continuing harm. Pull-A-Part has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions. Hence, Pull-A-Part is entitled to a preliminary and permanent injunction prohibiting Defendant from using the Infringing Name or any mark confusingly similar to the PULL-A-PART Marks, in connection with Defendant's business, pursuant to 15 U.S.C. § 1116.

49.

Defendant's misconduct, as explained herein, is deliberate, intentional, and in bad faith. Defendant should be ordered to account for and disgorge its profits from its misconduct, in an amount to be determined at trial. Further, given Defendant's bad faith and willful infringement, Pull-A-Part should be awarded, in addition to actual damages, enhanced damages as the Court finds just under 15 U.S.C. § 1117(a), costs, and, because this is an exceptional case, reasonable attorneys' fees.

## COUNT III
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## (N.C. Gen. Stat. § 75-1.1)

50.

Pull-A-Part hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

51.

Defendant's conduct alleged herein, including its unauthorized use of the Infringing Name in connection with self-service auto parts and automotive salvage services, constitutes

unfair and deceptive acts or practices in or affecting commerce within the State of North Carolina, in violation of N.C. Gen. Stat. § 75-1.1.

52.

Defendant's unfair and deceptive conduct is in or affecting commerce within North Carolina and is likely to cause confusion, mistake, or deception among consumers.

53.

Defendant's unfair and deceptive trade practices were willful, deliberate, and undertaken in bad faith.

54.

Despite Pull-A-Part's good faith attempts to resolve Defendant's infringement amicably through multiple cease-and-desist communications, Defendant refused to respond to resolve the matter.

55.

Pull-A-Part has been injured, and such injury has been proximately caused by Defendant's unfair and deceptive trade practices, including harm to the goodwill associated with the PULL-A-PART Marks, and diversion of potential customers.

56.

As a result of Defendant's violations of N.C. Gen. Stat. § 75-1.1, Pull-A-Part is entitled to recover treble damages, as well as all reasonable attorneys' fees incurred in the prosecution of this Complaint, pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

57.

Pull-A-Part hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

58.

Pull-A-Part has used one or more of the PULL-A-PART Marks continuously in commerce since at least July 1998 and has developed common law trademark rights in the relevant geographic area of North Carolina, well before Defendant's adoption of the Infringing Name.

59.

Defendant's unauthorized use of the Infringing Name in connection with identical or closely related services infringes Pull-A-Part's common law trademark rights in the PULL-A-PART Marks.

60.

Defendant's actions have created a substantial likelihood of confusion and are likely to cause mistake and deception in consumers' minds as to the source, origin, affiliation, or sponsorship of Defendant's services.

61.

Pull-A-Part has no adequate remedy at law for the above immediate and continuing harm. Pull-A-Part has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions. Hence, Pull-A-Part is entitled to a preliminary and permanent injunction prohibiting Defendant from using the Infringing Name or any mark confusingly similar to the PULL-A-PART Marks, pursuant to North Carolina common law.

62.

Defendant's wrongful actions, as explained herein, are deliberate, intentional, and in bad faith. Defendant should be ordered to account for and disgorge its profits from its misconduct, in an amount to be determined at trial.

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**

63.

Pull-A-Part hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

64.

Defendant's actions are likely to cause confusion among potential and existing customers of Pull-A-Part's services as to whether the Infringing Name and associated unauthorized services offered by Defendant are affiliated with Pull-A-Part.

65.

Defendant's conduct constitutes passing off and misappropriation of Pull-A-Part's goodwill in the PULL-A-PART Marks, and constitutes unfair competition under the common law of North Carolina.

66.

Defendant's wrongful actions, as explained herein, are deliberate, intentional, and in bad faith. Defendant should be ordered to account for and disgorge its profits from its misconduct, in an amount to be determined at trial.

67.

Pull-A-Part has no adequate remedy at law for the above immediate and continuing harm.

Pull-A-Part has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions. Hence, Pull-A-Part is entitled to a preliminary and permanent injunction under North Carolina common law prohibiting Defendant from continuing its misconduct to Pull-A-Part's detriment.

## JURY DEMAND

Pull-A-Part requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Pull-A-Part prays and respectfully requests that the Court:

A. Enter judgment against Defendant on all claims and deem this case to be exceptional under the Lanham Act;

B. Award Pull-A-Part all actual damages, including a disgorgement of Defendant's profits, enhanced as the Court deems just under 15 U.S.C. § 1117(a);

C. Award Pull-A-Part treble damages pursuant to N.C. Gen. Stat. § 75-16;

D. Award Pull-A-Part pre-judgment and post-judgment interest as provided by law;

E. Award Pull-A-Part the costs and litigation expenses that it has incurred in proving its claims through trial, as well as its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and N.C. Gen. Stat. §§ 75-16 and 75-16.1;

F. Enter a preliminary injunction and permanent injunction against Defendant, together with its officers, agents, servants, employees, attorneys, and other persons in active concert or participation, enjoining them from using the Infringing Name or any name confusingly similar to the PULL-A-PART Marks in connection with its business, together with the requirement of a sworn compliance report pursuant to 15 U.S.C. § 1116(a);

G. Order Defendant to destroy or remove, and cause all third-party business directories to destroy or remove, all infringing signage, marketing materials, and online content bearing the Infringing Name or any name confusingly similar to the PULL-A-PART Marks pursuant to 15 U.S.C. § 1118, and to take all steps necessary to correct or remove online listings and directory entries bearing the Infringing Name; and

H. Grant to Pull-A-Part such other relief as the Court deems just and proper.

Respectfully submitted, this 7th day of October, 2026.


**ARNALL GOLDEN GREGORY LLP**

*/s/ Thomas E. Kelly*
Thomas E. Kelly | NC Bar No. 42970
Local Civil Rule 83.1(d) Attorney for Plaintiff
tom.kelly@agg.com
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
Tel: 404-873-8133
Fax: 404-873-8501

Anuj Desai (Special Appearance Pending)
anuj.desai@agg.com
Tel: 404-873-8658
Fax: 404-873-8501
Avery E. Carter (Special Appearance Pending)
avery.carter@agg.com
Tel: 404-873-7030
Fax: 404-873-8501
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363

*Attorneys for Plaintiff Pull-A-Part, LLC*